The opinion of the Court was delivered by
O’Neall, J.
There is too much diversity of opinion on *446 some of the grounds of appeal to justify tbe Court in pronouncing an opinion upon tbem. Tbe ground taken in tbe argument on tbe third and seventh grounds together, “ that tbe streets of Manning were under a special jurisdiction,” and therefore that tbe Commissioners bad no right to call out tbe inhabitants of tbe District to work upon tbem, is that which has obtained an unanimous concurrence.
Tbe second section of tbe Act of 1855, entitled “ An Act to establish Clarendon County as a separate judicial District,” (12 Stat. 417,) appointed thirteen gentlemen Commissioners, who, at tbe expense of tbe District, were to “ select and purchase and contract for a tract of land of not less than six acres nor more than sixty acres; upon which they shall lay out a village to be called the Tillage of Manning.” The power to lay out a village, is the power to lay off the lots and open the streets. For it can only become a village by having places of habitation, and the means of ingress and egress. The Commissioners of Eoads had nothing to do with the matter, until the streets were thus opened and dedicated as highways.(a) Then, if they thought proper, they might accept them as such, and call out the hands to work on them. This, however, was subsequent to the laying them out, which was done at the expense of the District by the gentlemen mentioned in the Act of 1855.
The motion to reverse the decree is granted.
Wardlaw, WhitNer, Glover and Müítro, JJ., concurred.

Motion granted.

 State vs. Carver, 5 Strob. 217.